# IN THE COURT OF APPEALS OF IOWA

No. 14-1134
Filed November 26, 2014

IN THE INTEREST OF R.G.,
C.G., and F.M.,
    Minor Children,

R.M., Mother,
    Appellant.
_____

Appeal from the Iowa District Court for Clarke County, Monty W. Franklin,

District Associate Judge.

A mother appeals from the orders terminating her parental rights.

**AFFIRMED.**

Diana L. Rolands of Rolands Law Office, Osceola, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant

Attorney General, and Michelle Rivera, County Attorney, for appellee.

Jane Orlanes of Orlanes Law Office, P.L.C., Clive, for father.

Jane Rosien of Flander, Casper & Rosien, P.C., Winterset, attorney and

guardian ad litem for minor children.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Rita, the mother, appeals from the orders terminating her parental rights to her three children, R.G., C.G., and F.M., pursuant to Iowa Code section 232.116(1)(d), (f), and (i) (2013).[1] She contends the State failed to prove the grounds for termination. Specifically, she contends that "there was a lack of reasonable and appropriate services which met the codified requirements to allow the parent opportunity to change the circumstances which caused the adjudication."

I.

The family has a long history of involvement with social services in Iowa, most recently, and Florida, where they previously resided. Most recently, the family came to the attention of the Iowa Department of Human Services (hereinafter "IDHS") in 2011 due to the misconduct of S.G., another child of Rita's who is not at issue in this proceeding. IDHS started providing services to the family at that time. In November 2012, IDHS removed the three children at issue in this proceeding from Rita's home. The conduct leading to removal involved Rita's then fifteen-year-old daughter R.G. Rita took nude photos of R.G. and directed R.G. take nude photos of Rita. Rita planned to send the nude photos to a man in Missouri she knew only through a newspaper advertisement. Rita admitted her intention was to lock R.G. in a room for three days with the Missouri man's seventeen-year-old nephew in an attempt to have R.G. impregnated by

---

[1] Rita also appeals the permanency order entered January 14, 2014. Her appeal from that order is untimely, and we are without jurisdiction to consider her appeal of that order.

Christmas 2012. Rita pleaded guilty to child endangerment for her conduct. The children were adjudicated in need of assistance in December 2012. They were placed in foster care, where they remained throughout the course of these proceedings.

The conduct giving rise to removal was not atypical for the family. Rita is intellectually challenged and suffers from various mental health conditions, including personality disorder, both of which prevent her from safely caring for her children. She is a survivor of childhood sex abuse perpetrated by her brother. She is now a perpetrator of sex abuse against her daughter. The three children at issue in this proceeding were sexually abused by their father when younger, and Rita allowed the sexual abuse to occur. F.M., the half-brother of C.G. and R.G., had started to make sexual advances toward his sisters and his mother by the time of the children's removal.

Following hearings in April and May 2014, the juvenile court terminated Rita's and the father's rights to the three children at issue pursuant to Iowa Code section 232.116(1)(d) (adjudicatory circumstances continue to exist after offer or receipt of services), (f) (children cannot be returned to custody of parent), and (i) (child suffered abuse and services would not correct conditions within a reasonable period of time). Only the mother appeals from the termination orders.

II.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We examine both the facts and law, and we adjudicate anew those issues properly preserved and presented. *See In*

*re L.G.*, 532 N.W.2d 478, 480-81 (Iowa Ct. App. 1995). We give weight to the findings of the juvenile court, especially concerning the credibility of witnesses, but we are not bound by them. *See id.* at 481. While giving weight to the findings of the juvenile court, our statutory obligation to review termination proceedings de novo means our review is not a rubber stamp of what has come before. We will thus uphold an order terminating parental rights only if there is clear and convincing evidence of grounds for termination. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *See id.*

### III.

Rita contends the State did not prove grounds for terminating her parental rights. Specifically, she argues the State did not make reasonable efforts to provide appropriate services to facilitate reunification of the family given her limited intellectual functioning and history as a sex abuse victim. The State contends that Rita did not preserve error with respect to her reasonable efforts claim. Although we agree with the State that Rita did not preserve error and could thus affirm the termination orders on that ground, *see In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005), we address the merits of her claim.

The record shows the State worked diligently to provide Rita with appropriate services. Rita received individual counseling services through Children and Families of Iowa from summer 2011 through November 2012, when the three children in interest were removed from her care. Rita next received a

mental health evaluation, and she then participated in individual therapy through Crossroads Mental Health from December 2012 through July 2013. The juvenile court held a half-day hearing on the qualifications of the therapist to work with Rita. At that time, the court determined the State was making reasonable efforts. No appeal was taken from that order. Rita then had a psychosocial evaluation in January 2013. From July 2013 through October 2013, she received individual therapy through Advanced Therapy Solutions. In October 2013, she was referred to a new therapist at Wadle and Associates. That therapist worked with Rita from November 2013 to the time of the termination of the mother's parental rights. At the permanency hearing in December 2013, the court inquired about the sufficiency of services and found "no additional services were requested by the parties except that the child[ren]'s mother requested additional time for therapy services to be utilized by her." No timely appeal was taken from the permanency order.

In addition to the mental health services provided Rita, the State also furnished the family with many other resources, including: Behavioral Health Intervention Services; family counseling services; family safety, risk, and permacy services; parent-skill development; family team meetings; individualized therapy for the children; IDHS case management services; supervised visitation; AEA and school support services; and foster care placement. After review of the record, we conclude the State made reasonable efforts to provide the mother with services specifically tailored to her needs and designed to lead to reunification with her children.

We also conclude the State proved grounds for termination of Rita's parental rights pursuant to section 232.116(1)(f). Where, as here, the juvenile court terminates a parent's rights on more than one statutory ground, "we need only find termination appropriate under one of these sections to affirm." *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014). There is no dispute that the State has proved the first three elements for termination of parental rights pursuant to paragraph (f): all three children met the age requirement, had been adjudicated children in need of assistance, and had been removed for more than the statutorily-required time period. *See* Iowa Code § 232.116(1)(f)(1)-(3). The only element arguably at issue is whether the children could be returned to the care of the mother.

In its termination order, the court detailed the services provided to Rita and found:

> [The mother] has participated in services but has not shown that she has internalized, learned from, or is able to implement the skills and benefits made available to her from services. Her progress has been extremely limited and insufficient to allow safe return of her children to her custody.

We agree the State proved by clear and convincing evidence the children could not be returned to Rita. Rita is intellectually challenged. She suffers from mental health disorders arising from or exacerbated by years of abuse and neglect. Her therapists opined that these conditions preclude her from being able to develop the skills necessary to care for her children safely. At the termination hearing, the IDHS worker testified Rita exhibited no improvement despite treating with different therapists for years. This was evidenced by inappropriate letters the mother wrote to the children during the course of these proceedings in which she

blamed them for removal. Rita also accused R.G. of fabricating the incident involving nude photos. The record demonstrates that Rita's inability to progress places the children at risk, including the particular risk of harm from intra-family sex abuse.

The best interests of these children are our paramount concern. *See In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990). "The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems." *In re D.A.*, 506 N.W.2d 478, 479 (Iowa Ct. App. 1993). Although the mother's intellectual limitations and mental health conditions are not an independent basis for terminating her parental rights, they are "a contributing factor to [her] inability to provide a safe and stable home" for the children. *See In re D.W.*, 791 N.W.2d 703, 708 (Iowa 2010). Because the children could not be returned to the mother's care at the time of the termination hearing, *see* section 232.116(1)(f)(4), we affirm the termination of her parental rights pursuant to Iowa Code section 232.116(1)(f).

**AFFIRMED.**